# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA GARCIA-GARRIDO | Case No. 2:16-cv-01294-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC, | |
| Defendant. | |

Presently before the court is defendant Outback Steakhouse of Florida, LLC's ("Outback") motion for summary judgment (ECF No. 50), filed on October 16, 2017. Plaintiff Linda Garcia-Garrido filed a response (ECF No. 52) on November 1, 2017. Outback filed a reply (ECF No. 54) on November 15, 2017.

Also before the court is Outback's alternative motion for partial summary judgment (ECF No. 51), filed on October 16, 2017. Garcia-Garrido filed a response (ECF No. 53) on November 2, 2017. Outback filed a reply (ECF No. 55) on November 15, 2017.

**I.    BACKGROUND**

This case arises out of a slip-and-fall incident at an Outback restaurant in Las Vegas on March 26, 2014. (Def.'s Mot. Summ. J. (ECF No. 50) at 2; Compl. (ECF No. 1-2) at ¶ 6.) Garcia-Garrido, who was a patron at the restaurant on a dinner date, sued Outback in Nevada state court for negligence (claim one) and negligent hiring and supervision (claim two) for injuries she allegedly sustained when she slipped and fell. (Compl. (ECF No. 1-2) at ¶¶ 5-21.) Outback subsequently removed the case to this court. (Pet. for Removal (ECF No. 1).)

---

[1] Under 28 U.S.C. § 636(c), the parties consented to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings. (Reference Order (ECF No. 12).)

During discovery, in response to an interrogatory asking her to describe how the slip-and-fall incident occurred, Garcia-Garrido stated when she "got up from the table to leave, she took a few steps toward the exit, and slipped on an unknown substance that was on the floor, causing injuries and damages to her person." (Def.'s Mot. for Summ. J. (ECF No. 40), Ex. 1 at 5.)[2] Several months later, Garcia-Garrido supplemented her interrogatory response to state that when she "got up from the table to leave, she took a few steps toward the exit, and believes she slipped on a tomato-like substance that was on the floor, causing injuries and damages to her person." (Def.'s Mot. for Summ. J. (ECF No. 40), Ex. 2 at 5.)

At her deposition, Garcia-Garrido testified that after finishing dinner with her date, Jacques Ryland, she got up from the table to leave and took about two or three steps when she slipped and fell. (*Id.*, Ex. 3 at 6.) Specifically, she testified it "felt as though I stepped on something. I think it was probably a tomato or a piece of tomato." (*Id.*) Garcia-Garrido stated, however, that she did not look at the floor to see what may have caused her to fall:

> Q: Did you ever look at the floor to see what may have caused you to fall?
> A: No, but I'm sure it was a piece of tomato because I felt—you know, tomato is kind of moist and has like a little—the skin is very slippery and just made me slide very quickly. I'm not sure. That's really what I think.
> Q: It would be fair to say you think you slipped on a tomato, but you didn't see it?
> A: No, I did not see it.

(*Id.* at 9; *see also id.*, Ex. 1 at 6:3-4, Ex. 2 at 6:3-4.) She further testified that she did not know how long the substance had been on the ground:

> Q: Whatever it was do you know how long it was there before you fell?
> A: Enough for me to fall.
> Q: But do you know actually how long it was on the floor before you fell?
> A: Like I said before, it was be - - it was there long enough for me to fall. I never saw it. Had I seen it I would have avoided it because no one likes to fall.
> Q: Okay. Whatever it was that caused you to fall could have been on the floor 30 seconds, an hour. Either way you don't know?
> A: No, I don't know. I just know that I fell.

---

[2] Outback cites various exhibits attached to its previous motions for summary judgment, which Outback withdrew based on the parties' stipulation to extend discovery. (Def.'s Mot. for Summ. J. (ECF No. 40); Def.'s Mot. for Partial Summ. J. (ECF No. 41); Notice Withdrawing Mots. (ECF No. 45).)

(*Id.* at 10-11.) Garcia-Garrido drew a diagram during her deposition that indicated the fall happened near her table in the front-of-the-house dining area. (*Id.*, Ex. 4.)

Ryland testified that after he and Garcia-Garrido finished dinner, they exited the table, started to walk towards the exit, and took about three steps when "[Garcia-Garrido] slipped, and she went down to one knee." (*Id.*, Ex. 5 at 3.) Ryland further testified that he did not see anything on the floor before she slipped and fell. (*Id.* at 4.) Ryland denied seeing or hearing anybody spill anything on the floor. (*Id.*)

Outback's former employee, Jared Schroeder, provided a witness statement related to the incident, which states that Garcia-Garrido fell, but is silent as to what caused the fall.[3] (Def.'s Mot. for Summ. J. (ECF No. 40), Ex. 6.) Approximately six to eight months after the slip-and-fall, Schroeder was terminated from his employment for drinking cooking wine while working. (Pl.'s Resp. (ECF No. 53), Ex. 1 at 131:21-132:13.) Two other former Outback employees, William Mounsey and Courtney Barger (now Courtney Lebaron), both testified they did not recall the slip and fall. (Def.'s Mot. for Summ. J. (ECF No. 50), Ex. 1 at 6, Ex. 2 at 6.)

Regarding its general training procedures, Outback's person most knowledgeable testified that employees receive four days of training and that Outback uses role-playing exercises to train employees to clean up spills. (Pl.'s Resp. (ECF No. 52), Ex. 1 at 94:11-95:7, 101:14-104:5.) However, Outback's person most knowledgeable testified that most spills occur in "back house" and that "[t]here are not often spills in the front house at all. I would say maybe once a month a glass goes down." (*Id.*) Outback's person most knowledgeable also testified that a "front house" manager constantly walks through the dining room looking for spills, among other duties. (*Id.* at 109-10.)

Outback now moves for summary judgment, arguing that Garcia-Garrido cannot prove the restaurant breached its duty to her because she is not certain what caused her to slip and fall and because she does not have evidence that Outback caused a hazard—if one existed at all—or had actual or constructive knowledge of a hazard. (Def.'s Mot. for Summ. J. (ECF No. 50).)

---

[3] Outback represents that the parties attempted to locate Schroeder for a deposition, but were unsuccessful. (Mot. for Summ. J. (ECF No. 50) at 4.)

1 Alternatively, Outback moves for summary judgment on Garcia-Garrido's negligent hiring and supervision claim and on her request for punitive damages. (Def.'s Mot for Partial Summ. J. (ECF No. 51).) Garcia-Garrido opposes the motions, though she concedes summary judgment is warranted as to punitive damages. (Pls.' Resp. (ECF No. 53) at 11:9-12.) The court therefore does not reach the parties' arguments regarding punitive damages and will deny the motion regarding punitive damages as moot.

**II. DISCUSSION**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is "material" if it might affect the outcome of a suit, as determined by the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

Initially, the moving party bears the burden of proving there is no genuine issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial. *Id.* Where a party fails to offer evidence sufficient to establish an element essential to its case, no genuine issue of material fact can exist, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (stating that "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial"). After the moving party meets its burden, the burden shifts to the nonmoving party to produce evidence that a genuine issue of material fact remains for trial. *Leisek*, 278 F.3d at 898. The court views all evidence in the light most favorable to the non-moving party. *Id.*

**A. Negligence**

Outback moves for summary judgment on negligence, arguing that Garcia-Garrido cannot prove the restaurant breached its duty to her because she is not certain what caused her to slip and fall. Outback further argues Garcia-Garrido does not have evidence that Outback caused a hazard or had actual or constructive knowledge of a hazard.

Garcia-Garrido responds that based on her testimony that she slipped on a tomato and that Outback is a full-service restaurant, a jury could infer Outback caused the hazard to exist. Garcia-Garrido further argues that based on her testimony that she slipped on a tomato and the fact that Outback's "front of the house" managers are constantly walking through the part of the restaurant where the slip and fall occurred, a jury could infer Outback had actual notice of a hazard. Garcia-Garrido also argues that based on Outback's practice of training employees to constantly look for spills, but its failure to regularly verify employees do so, a jury could infer Outback was on constructive notice of a hazard. Garcia-Garrido also argues that because Outback does not present its own evidence to contradict her testimony that she slipped on a tomato, Outback is not entitled to summary judgment. Finally, Garcia-Garrido argues Outback's failure to adequately investigate the incident "constitutes spoliation which, when combined with [Garcia-Garrido's] testimony[,] creates a genuine issue of material fact" on the issue of notice. (Pl.'s Resp. (ECF No. 52) at 14.)

Outback replies that Garcia-Garrido's testimony that she believes she slipped on a tomato is speculative and that she admits there is not a factual basis for her belief because she did not observe what caused her to slip and fall. Outback further replies that Garcia-Garrido does not point to evidence indicating Outback caused a hazard, or had actual or constructive knowledge of a hazard, and that she improperly attempts to shift her burden of proving each element of her claim to Outback. Finally, Outback replies that a failure to create evidence does not constitute spoliation.

"The owner or occupant of property is not an insurer of the safety of a person on the premises, and in the absence of negligence, no liability lies." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993) (citing *Gunlock v. New Frontier Hotel*, 370 P.2d 682, 684 (Nev.

1962)). To establish negligence, a plaintiff must show: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Klasch v. Walgreen Co.*, 264 P.3d 1155, 1158 (Nev. 2011) (en banc). A "business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Sprague*, 849 P.2d at 322. That duty can be breached if the business caused, knew about, or should have known about the hazard and failed to remedy it. *Id.* at 322-23. Whether a business had constructive knowledge of a hazardous condition caused by a spill is, ordinarily, a question of fact for the jury. *Id.* at 323. To survive summary judgment, a plaintiff proceeding under a constructive-notice theory in Nevada is "required to offer proof" that the owner "had constructive notice of the hazardous condition" in its business. *Id.* A plaintiff satisfies this burden by presenting evidence to show that the hazard is a "virtually continual" condition. *Id.*

Viewing the evidence in the light most favorable to Garcia-Garrido, there is no evidence that demonstrates Outback caused the alleged hazard or had actual knowledge of it. Although Garcia-Garrido testified she believes she slipped on a tomato-like substance, neither she nor Ryland saw a hazard on the floor. The only witness statement is silent on the cause of the slip-and-fall. Neither of Outback's employees who were deposed recalled the incident, let alone testified as to whether there was a hazard on the floor or what caused it. Although she presents argument of counsel that a jury could infer Outback caused the hazard because it is a full-service restaurant or that Outback knew about the hazard because the manager is constantly monitoring the front of the restaurant, Garcia-Garrido does not point to any evidence in the record indicating that Outback caused a hazard by dropping a tomato-like substance or that Outback employees were in the area of the slip-and-fall immediately before it occurred.

Nor does Garcia-Garrido point to evidence that Outback had constructive knowledge of a hazard that caused her to slip and fall. While Garcia-Garrido argues that Outback's employees spill on a daily basis and that Outback trains employees to regularly look for hazards, Outback's person most knowledgeable testified that most spills happen in the kitchen and that spills in the dining area occur approximately once per month. Thus, these facts do not demonstrate that spills were so frequent that they were an ongoing, continuous hazard or that Outback had constructive

knowledge of a hazard. In sum, Garcia-Garrido has not met her burden to offer proof that the alleged hazard on the floor was a virtually continuous condition. She has not, therefore, established that there is a genuine issue of material fact regarding whether Outback had constructive notice of the presence of the tomato on the floor upon which she allegedly fell. Garcia-Garrido's inability to offer evidence to support this element of her negligence claim requires the court to enter summary judgment in favor of Outback on the negligence claim. *See Celotex*, 477 U.S. at 322-23 ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

Garcia-Garrido attempts to bridge the evidentiary gap by bringing a countermotion for spoliation sanctions. The motion is not supported by points and authorities explaining whether she is moving for sanctions under Rule 37 of the Federal Rules of Civil Procedure or invoking the court's inherent power to award sanctions. Garcia-Garrido's failure to provide sufficient points and authorities regarding the legal basis for the motion for sanctions constitutes a consent to the denial of the motion under the court's local rules. *See* LR 7-2(d). Regardless, before a court will sanction a party for spoliation of relevant evidence, the moving party must demonstrate that the relevant evidence existed. *See, e.g., Epstein v. Toys–R–Us Delaware, Inc.*, 277 F. Supp. 2d 1266, 1276–77 (S.D. Fla. 2003) (holding that to prevail on a motion for sanctions for the destruction of a videotape, the moving party must establish facts indicating that the video existed). Here, Garcia-Garrido argues Outback destroyed evidence by failing to conduct a more thorough investigation of the slip and fall. Garcia-Garrido does not demonstrate that particular evidence regarding the slip and fall existed and Outback failed to preserve it or destroyed it. Thus, to the extent Garcia-Garrido attempts to bring a countermotion for spoliation sanctions, the motion is denied.

**B. Negligent Hiring and Supervision**

Alternatively, Outback moves for partial summary judgment on Garcia-Garrido's negligent hiring and supervision claim, arguing that Garcia-Garrido cannot prove Outback failed to conduct a reasonable background check of its employees or failed to use reasonable care in the

training, supervision, or retention of its employees.[4] Garcia-Garrido responds that Outback did not conduct any pre-hire investigation to confirm its employees were fit for the job of protecting patrons from slip-and-fall incidents. Garcia-Garrido further responds Outback must not have trained its employees who were working the night of the slip-and-fall because there is no documentation of the training they received. According to Garcia-Garrido, Schroeder's post-incident termination for drinking wine at work demonstrates that Outback's policies for hiring and supervising employees were insufficient. Outback replies that Garcia-Garrido does not point to evidence indicating she slipped and fell because of Outback's hiring or supervision practices.

"The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996) (quotation omitted). "An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities." *Id.* (quotation omitted). To prevail on a claim for negligent hiring and supervision, a plaintiff must show: "(1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation." *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013) (quotation omitted).

Viewing the evidence in the light most favorable to Garcia-Garrido, there is no evidence that the training Outback's employees received was inadequate. Outback's person most knowledgeable testified regarding the four days of training its employees receive. Outback disclosed its training materials concerning slip and falls, its orientation manual, its training guide, its employee safety policy, and a list of training classes that Schroeder attended. (*See* Def.'s Mot.

---

[4] Given that Outback styles its motion as an alternative motion for partial summary judgment, the court understands Outback to be arguing that the court need not reach the negligent hiring and supervision claim if the court grants summary judgment in favor of Outback on the negligence claim. Further, because Garcia-Garrido abandoned her request for punitive damages, it is unclear whether the negligent hiring and supervision claim could support a measure of damages that the negligence claim could not. But because the parties do not provide explicit argument and legal authority on this issue, the court analyzes both the negligence and the negligent hiring and supervision claims.

for Partial Summ. J. (ECF No. 41) at Exs. 1-5.) Garcia-Garrido does not point to evidence indicating that any other employees besides Schroeder encountered the slip and fall. Although Garcia-Garrido argues that Outback's hiring and supervision policies must have been inadequate because Schroeder was terminated for drinking alcohol on the job months after the incident, she does not point to any evidence in the record regarding Schroeder's job performance on the night of the slip and fall or demonstrating that a pre-hire investigation of Schroeder would have revealed he had a "dangerous propensities."

In sum, Garcia-Garrido has not met her burden to offer proof that she slipped and fell because of Outback's hiring and supervision practices. She has not, therefore, established that there is a genuine issue of material fact regarding whether Outback's manner of hiring and supervising its employees resulted in the slip-and-fall incident. Garcia-Garrido's inability to offer evidence in support of her negligent hiring and supervision claim requires the court to enter summary judgment in favor of Outback on this claim. *See Celotex*, 477 U.S. at 322-23.

**III. CONCLUSION**

The court notes that the parties made several arguments and cited to several cases not discussed above. The court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the order.

IT IS THEREFORE ORDERED that defendant Outback Steakhouse of Florida, LLC's motion for summary judgment (ECF No. 50) is GRANTED.

IT IS FURTHER ORDERED that defendant Outback Steakhouse of Florida, LLC's alternative motion for partial summary judgment (ECF No. 51) is GRANTED in part and is DENIED in part as moot as stated in this order.

IT IS FURTHER ORDERED that the clerk of court must enter judgment in favor of Outback Steakhouse of Florida, LLC and against Plaintiff Linda Garcia-Garrido and close this case.

DATED: May 30, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE